**FILED**
MAY 29 2019
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

L. Ruther,                              )
                                        )
       Plaintiff,                   )
                                        )
v.                                      )    Civil Action No. 19-1274 (UNA)
                                        )
                                        )
Kentucky *et al.*,                      )
                                        )
       Defendants.                  )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the Court in determining whether it has jurisdiction over the subject matter.

Plaintiff has submitted a one-page cryptically worded document, which has been construed liberally as a Complaint [Dkt. # 1]. The content is largely incomprehensible and thus

provides no notice of a claim. Additionally, plaintiff is no stranger to this Court, having had numerous cases dismissed without prejudice for inadequate pleading under Rule 8(a). *See, e.g., Ruther v. Wells Fargo*, No. 19-cv-937 (UNA) (D.D.C. May 2, 2019); *Ruther v. Kentucky*, No. 19-cv-1043 (UNA) (D.D.C. Apr. 30, 2019); *Ruther v. Democratic Nat'l Committee*, No. 19-cv-1068 (D.D.C. Apr. 30, 2019); *Ruther v. Morgan & Moran PA*, No. 19-cv-341 (UNA) (D.D.C. Feb. 28, 2019); *Ruther v. Canada*, No. 18-840 (UNA) (D.D.C. May 16, 2018), *aff'd,* No. 18-7088 (D.C. Cir. Sept. 7, 2018); *Ruther v. United States of America*, No. 17-1116 (UNA) (D.D.C. June 30, 2017); *Ruther v. Common Collect LLC*, No. 17-cv-1405, 2017 WL 6551194 (D.D.C. Aug. 14, 2017), *aff'd sub nom, Ruther v. Gash*, 707 Fed. App'x. 3 (Mem.) (D.C. Cir. 2017) (per curiam). Beginning in 2018, some of the dismissal orders included the following footnote:

> Plaintiff has been allowed to file numerous civil cases in this court without prepaying the filing fee. Many, if not all, have been dismissed for inadequate pleading under Federal Rule of Civil Procedure 8(a), and not once has plaintiff amended the complaint in accordance with Rule 8. "Leave to file a claim *in forma pauperis* has always been a matter of grace, a privilege granted in the court's discretion . . ., and denied in the court's discretion when that privilege has been abused by filing claims or appeals that are frivolous or otherwise not taken in good faith." *Ibrahim v. District of Columbia,* 208 F.3d 1032, 1036 (D.C. Cir. 2000) (citations omitted). Plaintiff is hereby advised that his persistent filing of non-conforming complaints may result ultimately in the Court enjoining him from proceeding *in forma pauperis. See Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008); *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007).

*Ruther v. Tennessee*, No. 18-cv-1180 (UNA) (D.D.C. June 7, 2018); *Ruther v. Georgia*, No. 18-cv-1181 (UNA) (D.D.C. May 31, 2018); *Ruther v. W. Virginia*, No. 18-cv-1182 (UNA) (D.D.C. May 31, 2018); *Ruther v. United States*, No. 19-cv-769 (UNA) (D.D.C. Apr. 22, 2019); *Ruther v. United States*, No. 19-cv-859 (UNA) (D.D.C. Apr. 22, 2019); *Ruther v. United States*, No. 19-cv-769 (D.D.C. Apr. 22, 2019). Yet, plaintiff persists. In addition to dismissing the instant

complaint, the Court will now order plaintiff to show cause why he should not be barred from filing civil actions *in forma pauperis*.

### 1. Legal Standard

An individual's right to access to the courts "is neither absolute nor unconditional." *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981) (per curiam). Furthermore, "[a]n *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." *Williams v. McKenzie*, 8 34 F.2d 152, 154 (8th Cir. 1987). The Court "has an obligation to protect and preserve the sound and orderly administration of justice." *Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). To that end, the Court "may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice," *Urban*, 768 F.2d at 1500, such as denying "prospectively" one's privilege to proceed *in forma pauperis*. *Hurt v. Social Security Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008). In determining whether to issue an injunction, the Court must make substantive findings as to the frivolous or harassing nature of the litigant's actions and as to any pattern constituting harassment. *In re Powell*, 851 F.2d 427, 431 (D.C. Cir. 1988). Similarly, before revoking the privilege to proceed *in forma pauperis*, the Court must consider "the number, content, frequency, and disposition of [the litigant's] previous filings to determine if there is a pattern of abusing the IFP privilege in his litigation history." *Butler v. Dep't of Justice*, 492 F.3d 440, 446 (D.C. Cir. 2007).

### 2. Plaintiff's Litigation History

As indicated above, most of plaintiff's complaints are repetitive and largely incoherent, and many filed here and in other district courts have named the same defendants. A search of this Court's civil dockets by the name L. Ruther reveals that since 1994, plaintiff has filed at

least 40 cases in this court alone that did not survive the screening process, most of which were dismissed in 2017 and 2018. *See* list attached. Additionally, the U.S. Court of Federal Claims has noted:

> Mr. Ruther is no stranger to the federal courts. "Ruther has a longstanding history of filing frivolous lawsuits in this court," noted a federal district court, 17 years ago. *Ruther v. State Farm Mut. Ins. Co.*, No. 01-671-A, 2001 WL 34360376 (E.D. Va. June 18, 2001), *aff'd*, 21 Fed. Appx. 230 (4th Cir. 2001). Since then, Mr. Ruther has filed at least 35 cases in 13 federal district courts, although this appears to be his first foray into the Court of Federal Claims. A common theme throughout the opinions dismissing his complaints is that Mr. Ruther files barely legible complaints consisting of, when readable, frivolous claims.

*Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *1 n.3 (Fed. Cl. Oct. 17, 2018) (collecting cases).

### 3. Plaintiff's Abuse of the IFP Privilege

The "inquiry" is whether plaintiff "has abused a special privilege of the court to such an extent that that privilege should not again be extended to him here." *Butler*, 492 F.3d at 446. This Court finds that plaintiff has reached that point. The Court has been more than tolerant in liberally construing plaintiff's complaints, allowing him to proceed *in forma pauperis*, and expending significant staff time and resources to process, review and resolve his cases. The Court finds that plaintiff has a history of filing frequent and repetitive lawsuits, and that these relentless filings are harassing to the Court. *Cf. with Butler,* 492 F.3d at 446-7 (finding an abuse of the *in forma pauperis* privilege from, *inter alia*, plaintiff's "pattern" of filing repetitive FOIA actions where "[a]ll but one [of 15 such cases] were dismissed on either summary judgment, a motion to dismiss, or for failure to respond."); *see id.* at 445-6 (examining Supreme Court cases finding abuse of IFP privilege); *see also Hurt*, 544 F.3d at 310 (concluding that "'the number, content, frequency, and disposition' of [Hurt's] filings shows an especially abusive pattern,

aimed at taking advantage of the IFP privilege."). Like Butler, "it appears that filing [civil] actions is a 'pastime' for [plaintiff]." *Butler*, 492 F.3d at 447.

### 4. Conclusion

For the foregoing reasons, the Court finds that plaintiff has abused the privilege of proceeding IFP and proposes to issue an Order barring him from filing any new civil actions in this judicial district without payment of the applicable filing fee. *See Hurt*, 544 F.3d at 311 (revoking IFP privilege, dismissing all appeals, and directing the Clerk "to refuse to accept any more of Hurt's civil appeals that are not accompanied by the appropriate filing fees.") Before the Court issues such an order, it must allow plaintiff an opportunity to respond. *See In re Powell*, 851 F.2d at 431. A separate Order accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

Date: May 29, 2019